# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NIKE, INC.,**

**Plaintiff,**

-vs-                                          **Case No.  6:07-cv-1654-Orl-31KRS**

**OMAR LYDNER and VETA V. BROWN,**

**Defendants.**
_____

## INJUNCTIVE ORDER

The Plaintiff's trademarks which are at issue in the present action are indexed hereto as Exhibit A and previously referenced to the Complaint as Exhibit A and are hereinafter referred to as "the Trademarks".  The registrations are valid and subsisting and are conclusive proof of the Plaintiff's rights to the marks and properties noted.  This finding shall constitute res judicata with the effect of claim and issue preclusion in any future litigation between Nike and the Defendants.

The Plaintiff brought the present action against the Defendants alleging claims of trademark infringement and unfair competition. The Plaintiff's claim arose out of the Defendants' infringement upon the Plaintiff's Trademarks through the Defendants' manufacturing, selling, offering for sale, advertising, promoting, marketing and distributing, or making any commercial exploitation of any kind of merchandise, including footwear, or any other products, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Trademarks, or bearing a design or image which is of a substantially similar appearance to the Trademarks indexed as Exhibit A hereto.

The Defendants have never been authorized by the Plaintiff to manufacture, sell, offer for sale, advertise, promote, market and distribute, or make any commercial exploitation of any kind of merchandise, including footwear, or any other products, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Trademarks, or bearing a design or image which is of a substantially similar appearance to the Trademarks indexed as Exhibit A.

The Defendants have willfully and intentionally infringed upon the Trademarks by manufacturing, selling, offering for sale, advertising, promoting, marketing and distributing, or making any commercial exploitation of any kind of merchandise, including footwear, or any other products, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Trademarks, or bearing a design or image which is of a substantially similar appearance to the Trademarks indexed as Exhibit A hereto.  This finding shall constitute res judicata with the effect of claim and issue preclusion in any future litigation between Nike and the Defendants.

The Plaintiff is suffering and has suffered irreparable injury as a result of the Defendants' manufacturing, selling, offering for sale, advertising, promoting, marketing and distributing, or making any commercial exploitation of any kind of merchandise, including footwear, or any other products, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Trademarks, or bearing a design or image which is of a substantially similar appearance to the Trademarks indexed as Exhibit A hereto.  The Plaintiff will continue to suffer irreparable harm and injury should a Permanent Injunction Order not be issued.

After review of the file and being fully aware of the premises, it is hereby

**ORDERED AND ADJUDGED** that a permanent injunction is entered as to the Defendants, Omar Lydner d/b/a www.rf45.com, www.retrofeet.com, www.23feet.com, www.pickyoursole.com and Veta V. Brown d/b/a www.multikicks.com and www.perfectkicks.com, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining the Defendants, their agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise:

a.      From manufacturing, procuring, distributing, shipping, retailing, selling, advertising or trafficking, in any merchandise, including footwear and/or related merchandise, not authorized by the Plaintiff, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Trademarks, or bearing a design or image which is of a substantially similar appearance to the Trademarks indexed as Exhibit A hereto and to the Complaint as Exhibit A;

b.      From passing off, inducing or enabling others to sell or pass off, as authentic products produced by the Plaintiff or otherwise authorized by the Plaintiff, any product not manufactured by the Plaintiff or produced under the control or supervision of the Plaintiff and approved by the Plaintiff, which utilize any of the Trademarks indexed as Exhibit A;

c.      From selling, offering for sale, marketing, promoting, advertising, passing off any merchandise in conjunction with any unauthorized simulation, reproduction, counterfeit, copy, or colorable imitation of the Trademarks, or bearing a design or image which is of a substantially similar appearance to the Trademarks indexed as Exhibit A;

d.      From further diluting and infringing Plaintiff's Trademarks indexed as Exhibit A hereto and damaging their goodwill;

e.      From causing, aiding, and/or abetting any other person from doing any act

proscribed under a through d above.

And it is further **ORDERED** that this Court shall retain jurisdiction of this action for

purposes of enforcing the provisions of this order by way of contempt or otherwise.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 25, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party